FILED - GR
September 3, 2010 8:43 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __cr__/____ SCANNED BY /w/ 9/7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JENNIFER THOMAS,

    Plaintiff,

vs.

BRADFORD WHITE CORPORATION,
GLORIA NOYCE and SHANNON
ENDSLEY, jointly and severally,

    Defendants.

**1:10-cv-00877**

Case No. **Janet T. Neff**
**U.S. District Judge**

Barry County Circuit Court
Case No. 10-352 CD

| | |
|---|---|
| Richard H. Winslow (P22449)<br>Attorney for Plaintiff<br>430 Walden Drive<br>Otsego, Michigan 49078<br>(269) 692-2285 | Joseph J. Vogan (P29920)<br>David E. Khorey (P37089)<br>Varnum<br>Attorneys for Defendant Bradford White<br>P.O. Box 352<br>Grand Rapids, Michigan 49501-0352<br>(616) 336-6000<br><br>David E. Gilbert (P41934)<br>Attorney for Defendant Noyce<br>205 East Mill Street<br>Hastings, Michigan 49058<br>(269) 948-2354<br><br>Jan M. Otto<br>Wrigley & Hoffman, P.C.<br>Attorneys for Defendant Endsley<br>125 Ottawa Avenue, NW, Suite 320<br>Grand Rapids, Michigan 49503<br>(616) 454-6611 |

## NOTICE OF REMOVAL

Pursuant to 29 U.S.C. §1441, Defendant Bradford White Corporation ("Bradford White"), with consent of the remaining Defendants, is removing this action from the Fifth Circuit

Court for Barry, Michigan, to the United States District Court for the Western District of Michigan, and in support of such removal states as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff filed this action in the Circuit Court for the County of Barry, State of Michigan, on July 12, 2010.

2. Plaintiff's counsel mailed copies of the summons and complaint to Bradford White and its counsel on August 6, 2010.

3. Bradford White and its counsel received copies of the summons and complaint, via regular mail, on August 9, 2010.

4. In her complaint, Plaintiff alleges various state law claims, including a claim under the Elliott-Larsen Civil Rights Act, but those claims are pre-empted by federal law.

## FACTS

5. Bradford White is party to a collective bargaining agreement with the UAW International Union and UAW Local 1002.

6. Plaintiff is a member of the bargaining unit and is employed under the terms of the collective bargaining agreement, as are Defendants Noyce and Endsley.

7. Prior to filing this lawsuit, Plaintiff had filed one or more grievances pertaining to the same events as are asserted in her Complaint.

8. In her complaint, Plaintiff complains of various acts that were taken pursuant to and within the authority of the collective bargaining agreement.

9. The claims asserted by Plaintiff will require analysis of the collective bargaining agreement and are inextricably intertwined with the claims that she has already asserted under the collective bargaining agreement.

10. The activities complained of in the complaint are also regulated by Congress pursuant to the National Labor Relations Act.

11. The relief requested by Plaintiff would create conflicting obligations under the collective bargaining agreement and the National Labor Relations Act.

12. On September 2, 2010, Plaintiff indicated by email to counsel that he was filing an Amended Complaint.

13. The Amended Complaint includes a claim for injunctive relief which further implicates the collective bargaining agreement and would require analysis of the collective bargaining agreement.

## PRE-EMPTION ANALYSIS

14. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, completely "preempts [any] state law [action] that substantially implicate[s] the meaning of collective bargaining agreement terms." *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994).

15. The National Labor Relations Act pre-empts the state regulation of activities that "are protected by [Sec] 7 of the [NLRA], or constitute an unfair labor practice under [Sec] 8." *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 244 (1959).

16. State laws are also pre-empted by federal law "when compliance with both federal and state regulation is a physical impossibility, or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Brown v. Hotel Restaurant Employees & Bartenders Int'l Union Local 54,* 468 U.S. 491, 501 (1984) (internal citations omitted).

17. The claims asserted by Plaintiff are completely pre-empted pursuant to section 301 of the LMRA.

18. The claims asserted by Plaintiff are also pre-empted pursuant to the NLRA.

## REMOVAL ANALYSIS

19. Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court for the district and division embracing the place where such action is pending. 28 U.S.C. §1441.

20. The district courts of the United States have original jurisdiction with respect to "all civil claims arising under the Constitution, laws or treatise of the United States." 28 U.S.C. §1331.

21. The district courts also have original jurisdiction with respect to claims arising from or pertaining to a collective bargaining agreement. 29 U.S.C. §185.

22. Because the claims asserted in this matter are completely preempted by federal law, including section 301, they fall within the court's original jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §185. *Mattis v. Massman*, 355 F.3d 902 (6th Cir. 2004).

23. The district courts of the United States have supplemental jurisdiction with respect to claims that are so related to the claims in the action within the court's original jurisdiction that they form part of the same case or controversy. 28 U.S.C. §1367.

24. To the extent that any of the claims asserted in the complaint are not pre-empted they are so related to the claims that are pre-empted that they form part of the same case or controversy.

25. The District Court for the Western District of Michigan, Southern Division, is the district court and division that embraces Barry County and, therefore, is the appropriate district court for purposes of removal.

## COMPLIANCE WITH REMOVAL PROCEDURE

26. In accordance with the requirement of 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is filed within 30 days after Bradford White received copies of the Summons and Complaint.

27. Attached pursuant to the provisions of 28 U.S.C. § 1446(a) are copies of all process, pleadings, and orders filed or received by Defendants in the action.

28. In accordance with 28 U.S.C. § 1446(d) a copy of this Notice is being served on Plaintiff and is being filed with the Clerk of the Barry County Circuit Court.

WHEREFORE, Bradford White requests that this action be placed on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

Dated: September 3, 2010

　　　　　　　　　　　　　　　　　　　　Joseph J. Vogan (P29920)
　　　　　　　　　　　　　　　　　　　　David E. Khorey (P37089)
　　　　　　　　　　　　　　　　　　　　Varnum
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Bradford White
　　　　　　　　　　　　　　　　　　　　P.O. Box 352
　　　　　　　　　　　　　　　　　　　　Grand Rapids, Michigan 49501-0352
　　　　　　　　　　　　　　　　　　　　(616) 336-6000

Defendant Gloria Noyce hereby consents to removal.

David E. Gilbert
Attorney for Gloria Noyce
Signed by Joseph J. Vogan (w/consent)

Defendant Shannon Endsley hereby consents to removal.

Jan M. Otto
Attorney for Shannon Endsley
Signed by Joseph J. Vogan (w/consent)

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 3, 2010, a true and correct copy of the foregoing was served on Richard H. Winslow, Esquire, 430 Walden Drive, Otsego, Michigan 49078; David E. Gilbert, Esquire, 205 East Mill Street, Hastings, Michigan 49058; and Jan M. Otto, Esquire, 320 The Ledyard Building, 125 Ottawa Avenue, N.W., Grand Rapids, Michigan 49503, by first class mail, postage prepaid.

_____
Joseph J. Vogan

3695737_1.DOC